

# Fairmark Partners, LLP

400 7th Street NW | Suite 304
Washington, DC 20004 | *https://fairmarklaw.com*

July 7, 2025

**VIA ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

  Re: *Houghton v. AH Capital Management, LLC*, No. 24-7243

Dear Ms. Dwyer,

  Pursuant to FRAP 28(j), Plaintiffs-Appellees submit the California Supreme Court's significant decision in *Ford Motor Warranty Cases*, No. S279969 (July 3, 2025), regarding equitable estoppel. This issue is discussed at pp. 52-61 of Defendants-Appellants' brief and pp. 36-44 of Plaintiffs-Appellees' brief. The *Ford* decision holds, consistent with this Court's decision in *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013), that equitable estoppel applies only when a plaintiff's claims against a nonsignatory are founded on the substantive terms of a contract containing an arbitration clause.

  In *Ford*, car buyer plaintiffs alleged defect claims against Ford. Ford invoked equitable estoppel and tried to enforce arbitration clauses in sales contracts between the plaintiffs and non-party dealerships. Like Defendants-Appellants here, Ford argued it could compel arbitration under the intermediate appellate decision *Metalclad Corp. v. Ventana Envt'l Org. P'ship*, 109 Cal. App. 4th 1705 (2003), and its progeny.

  The California Supreme Court rejected Ford's argument, holding that equitable estoppel applies only when plaintiffs try to "vindicate contractual provisions beneficial to them yet avoid an agreement to arbitrate" in the same contract. Op.12. It rejected the broader argument that equitable estoppel applies whenever claims "presuppose the[] existence" of a contract with an arbitration clause, holding instead that equitable estoppel applies only when "a party to an arbitration agreement has used the substantive terms of that agreement as the foundation for his claims." Op.19. Under that test, equitable estoppel did not apply because the buyers' claims "flow not from the contracts but from separate statutory requirements." Op.21. The Court explained that *Metalclad* was "remarkably different" because the *Metalclad* plaintiffs "alleg[ed] that the defendants themselves were liable for a breach of contract terms." Op.13, 17.[1]

---

  [1] The Court reserved the question of whether *Metalclad*'s test would be preempted. *See* Op.12-13 n.4; *cf.* Appellees' Br. 44-47.

July 7, 2025
Page 2 of 2

      Here, as in *Ford*, Plaintiffs-Appellees' claims "flow not from the contracts but from separate statutory requirements," Op.21, *i.e.*, the Securities Act of 1933. Plaintiffs-Appellees do not allege a breach of the Coinbase User Agreement or rely on its terms to impose liability. *Ford* thus confirms that equitable estoppel does not apply.

                                                Sincerely,

                                                Jamie Crooks
                                                FAIRMARK PARTNERS, LLP
                                                400 7th Street NW
                                                Suite 304
                                                Washington, DC 20004
                                                jamie@fairmarklaw.com
                                                (619) 507-4182